## BARFIELD *v.* SOUTHERN RAILWAY COMPANY.

LEWIS, J. 1. The violation by a railroad company of a valid municipal ordinance, by running a train within the corporate limits of a city at a prohibited rate of speed, is negligence per se, and such negligence may constitute the basis of a recovery by one who, in consequence thereof, received personal injuries while occupying the position of a licensee upon the company's track, if he himself was not wanting in that degree of diligence which it was legally incumbent upon him under the circumstances to exercise for his own protection.

2. Applying to the allegations of the present petition the rule above announced, it was error to dismiss the same on demurrer.

*Judgment reversed. All the Justices concurring.*

Argued May 20, — Decided July 21, 1899.

Action for damages. Before Judge Reid. City court of Atlanta. November term, 1898.

E. F. Barfield brought suit against the railway company for two thousand dollars damages, substantially setting forth in his petition the following as his cause of action: On the 23rd of September, 1895, about five o'clock p. m., he was going from defendant's shops toward his home in the city of Atlanta, walking between the tracks of the company, in the space between the outside track and the next track on his left hand, and had passed McDaniel street, which crosses the railroad-track about fifty yards from the gate of said shops, and had reached a point about fifty yards beyond said street-crossing in a space between the tracks, which at this point was about four feet wide. He saw a switch-engine approaching him from the direction of the city on the outside track, and in making way for the engine to

pass him he stepped over to that side of the footway next to the other track on his left. After the engine had passed him, and while he was proceeding on his way, and stepping back into his first position midway between the tracks, a freight-train of the defendant company came backing down from his rear on the track upon his left hand. He did not hear or see the train, owing to the noise made by the switch-engine which had just passed, and owing to the freight-train coming on without signal or whistle, or the ringing of a bell, the same having no one on the rear car to warn him and other footmen of its approach. He did not hear the freight-car until it was within six or seven feet of him, when he had no time to get out of its way by stepping to the right. As he turned toward the car he instinctively threw out his hand, which was struck by the car, the force of which violently knocked him to the earth, his left foot being caught under the wheel of the rear car, crushing his foot and leg to such an extent that the same had to be amputated nine inches below the knee. He alleges excruciating suffering, his age, what he was earning per day before the injury, that his capacity to earn money since has been diminished one half, and that he was free from any negligence that contributed to his injury. The negligence alleged against the company was: First, in running its train backwards in a public place of the city of Atlanta, without having some one on the watch or lookout to warn petitioner, and other footmen, of the approach of said train. Second, in running the train at a rate of thirty-five miles per hour inside the corporate limits of the city of Atlanta at the point where petitioner was injured, in violation of an ordinance of said city which forbids all trains from running at a higher rate of speed than six miles per hour in the limits of the city. Third, in failing to toll the bell of the locomotive driving the freight-train, and in failing to check and keep checking the train as it approached and passed McDaniel street. The petition further alleges that the space between the tracks was habitually used by pedestrians in going to and from their work, and to and from different parts of the city, and that this custom was well known to the servants, agents and employees of the defendant, and if the defendant had not been

guilty of negligence, as specified, petitioner would have been in no danger in walking in said space between the tracks. The court sustained the general demurrer filed by the defendant to the petition on the ground that it set forth no cause of action; and to this judgment the plaintiff excepted.

*Daniel W. Rountree*, for plaintiff.

*Dorsey, Brewster & Howell*, and *S. McDaniel*, for plaintiff.